IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TENNESSEE

CHAPTER 13 PLAN

XXX Original

IN RE: Morris Beard and          Case No.
Betty Beard                      *Morris Beard*
Debtor(s)                        *Betty W. Beard*

1. **PLAN PAYMENT/TERM.** The debtor(s) shall make plan payments of $164.00 on a XXX weekly; basis over a term of 60 months by XXX wage order on debtor wife's wages. If payments are by wage order, debtor(s) shall be responsible for making plan payments directly to the Trustee until the employer commences wage order deductions. Debtor(s) shall commence plan payments not later than 30 days from the date of filing; provided, however, if the bankruptcy filing fee and/or pre-confirmation adequate protection payments are required to be made by the Trustee, a full month of plan payments shall be made by the debtor(s) within thirty (30) days from the date of filing.

2. **TAX REFUNDS.** In addition to the above-plan payments, debtor(s) tax refunds and/or earned income credits shall be paid into the plan as follows: XXX in excess of $ 2,000.00. A tax intercept order shall be issued for the debtor(s)' tax refund to be remitted directly by the Internal Revenue Service to the Trustee with the Trustee refunding debtor(s)' portion of the tax refund. If the debtor(s) is delinquent in plan payments at the time of tax intercept, then the entire tax refund/credit shall be paid into the plan with the debtor(s)' portion of the refund applied to the plan arrearage and the balance, if any, refunded to the debtor.

3. **PROPERTY OF THE ESTATE/INSURANCE.** Debtor(s)' income and assets remain property of the estate and do not vest in the debtor until completion of the plan. Debtor(s)' shall be responsible for any and all legal or contractual insurance requirements required to be maintained on estate properties. Debtor(s) retaining possession of personal property subject to a lease or securing a claim attributable to the purchase price of personal property shall within 60 days of bankruptcy filing provide the creditor proof of full coverage insurance and maintain the same so long as debtor shall retain possession of said property.

4. **PRIORITY EXPENSES (including ADMINISTRATIVE EXPENSE)** under 11 U.S.C. § 503 (b) and § 1326 shall be paid in full with claims entitled to priority under 11 U.S.C. § 507 (b) paid in full in deferred cash payments.

   a. Debtor(s)' Chapter 13 attorney fees shall be paid in the amount of $ 3,000.00, and $ 0.00 previously paid by the Debtor(s); and
   b. Tax claims shall be paid as priority, secured or unsecured per the claim; and
   c. Domestic support obligations shall be paid as a priority; provided however, any child support obligations which are current at the time of filing and are being paid directly or by wage order deductions shall continue with no payments by the Trustee and per 11 U.S.C. § 362 (b)(2)(A)(ii) no stay shall be in effect for the establishment or modification of an order for these domestic support obligations. The following, however, are 11 U.S.C. § 507 (a)(1)(B) domestic support

obligations which have been assigned to a government unit and may not be paid in full per 11 U.S.C. § 1322 (a)(4) in the event this is a five year plan providing for all of Debtor(s)' projected disposable income.

5. **POST PETITION** claims allowed under 11 U.S.C. § 1305 shall be paid in full.

6. **UNSECURED CREDITORS** shall be paid pro-rata by the Trustee on a funds available basis, which may exceed, but will not be less than the following dividend range: _XXX_20 to 70%.

7. **COSIGNED DEBT**. The following cosigned claims shall be paid by the Trustee in full at the claim contract rate of interest not to exceed 24% interest for full protection of co-debtor(s):

   | Creditor | Approximate Balance | Monthly Payment |
   | --- | --- | --- |

8. **EXECUTORY CONTRACTS AND UNEXPIRED LEASES**. Except for the following which are assumed, all executory contracts and unexpired leases are rejected with any claim arising from rejection to be paid as unsecured.

9. **NON-PURCHASE MONEY SECURITY INTEREST** lien claims of the following creditors are avoided and paid as unsecured:

10. **QUALIFIED RETIREMENT AND/OR PENSION** loans or claims shall be paid directly by the Debtor(s) pursuant to the terms of plan administration with no payments to the Trustee

11. **SECURED CLAIMS PAID BY THIRD PARTY**. The Trustee shall make no payments on the following secured claims which shall be paid outside the plan by the designated individual; and, unless noted otherwise, the creditor shall be paid an allowable unsecured deficiency claim in the event of non-payment.

    | Creditor | Collateral | Designated Individual |
    | --- | --- | --- |

12A. **MORTGAGE: The debtor owns a doublewide mobile home and land located at 889 Regan Valley Road, Tellico Plains, TN with the first Mortgage owing to Citifinancial which is to be paid outside the plan in accordance with original contract. Loan and Lien survive the plan. No monies to be paid by the Chapter 13 Trustee.**

Confirmation of the plan shall impose an affirmative duty on the holders and/or servicers of any claimed secured by liens, mortgages and/or deeds of trust on the principal residence of the Debtor(d) to do all of the following:

(1) To apply the payments received from the Trustee on the pre-petition arrearage, if any, only to such arrearage. For purposes of this plan, the "pre-petition arrearage" shall include all sums included in the "allowed" proof of claim and shall have a "0" balance upon entry of the Discharge Order in this case.

(2) To deem the pre-petition arrearage as contractually current upon confirmation of the plan, thereby precluding the imposition of late payment charges or other default-related fees and services based on the pre-petition default or defaults.

(3) To apply the post-petition monthly mortgage payments paid by the Trustee or by the Debtor(s) to the month in which each payment is designated to be made under the plan or directly by the Debtor(s), whether or not such payments are immediately applied by the creditor in the outstanding loan balance or are placed into some type of suspense, forbearance or similar account.

(4) To notify the Trustee, the Debtor(s) and the attorney for the Debtor(s), in writing, of any changes in the interest rate for any non-fixed rate or adjustable rate mortgages and the effective date of any such adjustments not less than sixty (60) days in advance of such change or at such time as the change becomes known to the holder if the change is to be implemented in less than sixty (60) days.

(5) To notify the Trustee, the Debtor(s), and the attorney for the Debtor(s), in writing, of any changes in the property taxes and/or property insurance premiums that would either increase or reduce the escrow portion, if any, of the monthly mortgage payments and the effective date of any such adjustment or adjustments not less than sixty (60) days in advance of such change or at such time as the change becomes known to the holder if the change is to be implemented in less than sixty (60) days.

(6) To file with the court and serve upon the Trustee, the Debtor(s) and the attorney for the Debtor(s) by February 15 of each year governed by this plan, an Annual Statement detailing the following amounts paid by the Debtor(s) during the preceding calendar year: (i) all payments applied to the principal balance; (ii) all payments applied to interest; (iii) all payments applied to any escrow account; (iv) all payments applied to any pre-petition arrearage claim and the remaining balance; and (v) all fees and charges alleged to have accrued post-petition, along with an explanation thereof. Failure to file and serve the Annual Statement as set forth herein results in the mortgage being deemed fully current as to the calendar year for which the Annual Statement is due. The final Annual Statement shall be filed and served within 45 days after the Trustee files her Preliminary Trustee's Final Report and Certificate of Final Payment, a copy of which shall be served by the Trustee on the holder or servicer of any claim required to file an Annual Statement. The failure to file the Annual Statement as set forth herein following completion of the Debtor(s)' plan and entry of discharge results in the mortgage being deemed fully current as of the date of discharge.

(7) Modifications. The holders of claims secured by a mortgage on real property of the Debtor(s), proposed to be cured in section 12(a) of this plan shall adhere to and be governed by the following:

 a. Pre-petition defaults. If the Debtor(s) pay the cure amount specified in section 12(a), or in such lesser or greater amounts as may be established by the creditor's allowed proof of claim, which timely making all required post-petition payments, the mortgage will, at the conclusion of the plan, be reinstated according to its original terms, extinguishing any right of the holder to recover any amount alleged to have arisen prior to the filing of the petition.

 b. Post-petition defaults. As set forth in section 12(a)(6) above, the holders and/or servicers of any claims secured by liens, mortgages and/or deeds

    of trust on a principal residence of the Debtor(s) have an affirmative duty to file with the court and serve upon the Trustee, the Debtor(s) and the attorney for the Debtor(s) an Annual Statement, the Debtor(s) may either (i) challenge the accuracy thereof by filing a motion with the court, to be served upon the holder and the Trustee, or (ii) propose a modified plan to provide for payment of additional amounts that the Debtor(s) acknowledge or the court determines are due. To the extent that amounts are set forth on a timely filed Annual Statement are not determined by the court to be invalid or are not paid by the Debtor(s) through a modified plan, the rights of the holder to collect these amounts will be unaffected.

  c. Cost of collection. Costs of collection incurred by the holder after the filing of this bankruptcy case, including attorneys' fees, shall be claimed pursuant to section 12(a)(7)(B) above. No late fees shall be incurred or demanded due to administrative delays by the Trustee's office.

12B. **STRIPPED MORTGAGES**. The following mortgages and/or liens shall be avoided, stripped down and paid as an unsecured creditor, pursuant to paragraph 6:

13. **SECURED CREDITORS/PRE-CONFIRMATION ADEQUATE PROTECTION PAYMENTS**. The holders of the following allowed claims shall be paid the designated secured value, interest rate and monthly payment over the life of the plan. Any portion of the allowed claim exceeding the designated secured value shall be paid as unsecured; provided however, the lien securing the claim shall be retained until the earlier of: (a) payment of the underlying debt determined under non-bankruptcy law; or (b) discharge under 11 U.S.C. § 1328. Claims filed as secured but not given a secured plan treatment herein shall be paid as unsecured and are subject to Trustee objection if not properly documented or perfected regardless of confirmed plan treatment.

In addition, the secured creditors designated herein as eligible for pre-confirmation adequate payments shall be paid monthly pre-confirmation adequate protection payments by the Trustee in an amount equal to the designated monthly secured payment only in the event the secured creditor circulates for entry an agreed adequate protection order. Pre-confirmation adequate protection payments shall be subject to the Trustee administrative fee and paid pro-rata to the extent funds are available in the event more than one creditor is entitled to pre-confirmation adequate protection payments.

A. The following creditors ARE NOT entitled to pre-confirmation adequate protection payments:

| Creditor | Collateral | Value | Payment | Interest Rate |
|---|---|---|---|---|
| Regions Bank | 2008 Hyundai Accent | $12,977.98 | $500.00 | 6% |

B. The following creditors ARE entitled to pre-confirmation adequate protection payments:

| Creditor | Collateral | Value | Payment | Interest Rate |
|---|---|---|---|---|

14. **SURRENDERED COLLATERAL**. Debtor(s) surrender(s) the following collateral in full satisfaction of the debt. No monies are to by paid by the Trustee for a debt listed in this paragraph.

<u>Creditor</u>       <u>Collateral</u>
HSBC       2008 , 140 Kawasaki motorcycle and 250 Suzuki motorcycle

15. **SPECIAL PROVISIONS**.

_____ /s/ Morris Beard  and     /s/ Betty Duckett Beard _____
February 9, 2010    Morris Beard           Betty Duckett Beard

/s/ Horace M. Brown _____, Debtor(s)' Attorney; State Bar Code 001870
Horace M. Brown , 105 North Court Street, Maryville, TN 37804; 865-898-8544; Horace105@aol.com